UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES of AMERICA** <u>**ex rel.**</u> **CHARLES BIRCHALL, Jr.**<br><br>    Plaintiff–Relator,<br><br>v.<br><br>**KIC VENTURES, LLC; KINGSLEY CHIN, M.D.; SPINEFRONTIER, INC.; IMPARTIAL MEDICAL EXPERTS, LLC.; KIC MANAGEMENT GROUP, INC. and AXIOMED, LLC.**<br><br>    Defendants | Civil Action No.:<br>15-cv-12877-LTS |

**RELATORS' REPLY MEMORANDUM IN SUPPORT OF
JOINT MOTION FOR A RELATOR SHARE**

**(Leave to File Granted on April 25, 2024 and June 22, 2024)**

In the words of the Eighth Circuit, when the United States seeks to recover false claims identified in a qui tam complaint but wants to pursue a different avenue, "the government has a choice." *Rille v. PricewaterhouseCoopers LLP*, 803 F.3d 368, 373 (8th Cir. 2015) (*en banc*) (*"Rille II"*).  The United States "may add a new claim while proceeding with an action brought by a relator, or it may pursue the same new claim through the use of an alternative remedy." *Id*. Either way, the relator can recover from a resulting settlement, provided "the conduct contemplated in the settlement agreement overlaps with the conduct alleged in the Relator's complaint." *Id.* at 373-74, quoting *U.S. ex rel. Bledsoe v. Community Health Sys., Inc.* 343 F. 3d 643, 651 (6th Cir. 2003).  The same standard applies regardless of the option selected. *Id.* at 373.

Here, the United States does not deny the factual overlap between the allegations in the Relators' complaints and the covered conduct involved in the six surgeon settlements.  However, it insists that the Relators' "claims" cannot be the same "claims" the government brought against the surgeons because the scope of a relator's claim is limited to those claims cognizable against the persons the relator named as defendants.  Opposition at 8, 15.  There is no statutory basis for such a contention. In fact, as the caselaw cited by the United States makes clear, the scope of a relator's claim is defined by the false claims identified and pursued in the relator's complaint. Or, to use the First Circuit's formulation of the *Rille II* standard:  whether the relator "plead the conduct that formed the basis of the claims the Government ultimately settled." *U. S. ex rel. Maguire v. Millenium Laboratories, Inc.*, 923 F.3d 240, 254 n. 19 (1st Cir. 2019). Incontrovertibly, the Relators have met the standard set in *Rille II* and *Millenium*.

  A. **31 U.S.C. § 3730 Does Not Limit the Scope of a Relator's Claim to the Persons the Relator Named As Defendants**

Citing 31 U.S.C. § 3730(b)(1) and (3), the Government contends that a relator award is only available if the relator has brought a civil action against the party who paid a judgment or a settlement.  Opposition at 8.  But neither of those subsections (nor any other provision within

§ 3730) limit a relator's rights to recoveries received from named defendants. Subsection (b)(1) permits a relator to bring a civil action to redress a violation of 31 U.S.C. § 3729, but makes no reference to any persons identified in a relator's complaint. Subsection (b)(3) sets forth when a named defendant shall "be required to respond to a complaint filed under this section." The section does not in any way concern a relator's rights when the government pursues third parties jointly responsible for the false claims that are the subject of the relator's complaint.

    B.    The Cases Cited by the United States Confirm That A Relator Award Can be Paid when the U.S. Pursues FCA Claims Against Persons Not Named as Defendants in the Relator's Action

Significantly, the United States is unable to cite any case law that holds that a relator's right to an award is strictly limited to the recoveries received from persons named in the relator's complaint.[1] It contends however, that such a principle can be derived from the cases it relies upon, particularly *Rille II* and *Millenium.* Opposition at 9, 14 and 15. But the very cases relied upon by the United States, particularly *Rille II,* and the District Court remand decision, *U.S. ex rel. Rille v. PriceWaterhouse Coopers, LLP*, 2017 WL 11683682 (E.D. Ark. 2017, February 8, 2017) ("*Rille III*") prove that the Government's argument is untenable.

In *Rille* the relators brought FCA claims against several government contractors alleged to have paid unlawful kickbacks, including Cisco. Relators later amended their complaint to add FCA claims against Cisco based on improper pricing. The government intervened against Cisco. Two years later, the government settled pricing claims with Cisco and a Cisco distributor who the relators had not sued, Comstor. When the relators sought awards from both settlements the Government argued that the pricing claim it settled was different than the claim alleged by the

---

[1] In fact, the only cases directly addressing the issue support the Relators, as discussed in their Opening Memorandum at 12-13, 14-15. Moreover, the Government has misread the most-analogous case, *United States v. Najjar*, 120 F.Supp.3d 1322 (M.D. Fla. 2015). Contrary to its contention, the District Court in *Najjar* did employ a "claim-by-claim analysis," stating unequivocally that "the relator's complaint must be evaluated on a claim-by-claim basis to determine whether he or she is entitled to a share of any settlement." *Id.* at 1325.

2

relators, and that the relators could not share in the Comstor settlement because it never sued Comstor. It appealed when the District Court awarded the relators percentages of both settlements. *Rille II*, 803 F.3d at 370-71.

The *Rille II en banc* panel established the standard, summarized above, for determining when a relator is entitled to an award from a settlement that allegedly differed from the claims brought in Relators' complaint. *Id.* at 372-74. The District Court's factual findings, however, were insufficient to determine whether the claims the government settled were within the scope of the claims identified in the relators' complaint. The Eighth Circuit remanded both settlements to the District Court to determine "whether there is a factual overlap between the claim or claims settled by the government and the claims brought by the relators." *Id.* at 374.

The Eighth Circuit's remand of the Comstor claim vitiates the Government's argument. If, as the United States alleges, the FCA flatly prohibits relators from participating in settlements with persons they never sued, there was no reason to remand the Comstor settlement for further findings;[2] the relators were barred from receiving an award as a matter of law. No factual finding could overcome the *Rille* relators' failure to add Comstor as a defendant.

*Rille III* confirms that the Relators here should receive a percentage of the surgeon settlements.[3] The District Court saw its task as determining "how much, if any, factual overlap existed between the claims settled by the government and the claims brought by Relators." *Rille III,* 2017 WL 11683682, at *2. After finding that the Cisco pricing claim had been alleged in the relators' complaint, it ruled against the relators on the Comstor settlement because "[a]though

---

[2] *Cf. Millenium,* 923 F.3d at 251 (refusing to remand to District Court when the Court of Appeals could determine as a matter of law whether a relator was qualified to receive a relator award).
[3] The United States incorrectly asserts that the District Court refused to award any share of the Comstar settlement because Comstar had "never been named as a defendant in this case." Opposition at 14, quoting *Rille III*, 2017 WL 11683682 at *1. That quotation, however, comes from the District Court's recitation of the case's factual and procedural background. *Id.* at *1. Comstar's party status was not part of the District Court's rationale for denying the *Rille* relators an award in the Comstar settlement.

3

Relators mention over 34 companies in its Complaint, they never mention Comstor." *Id.* at *3. In notable contrast, the Relators here identified all six surgeons in their complaints and complaints' exhibits, *see Opening Memorandum*, ECF # 189 at 6-8,[4] thus satisfying the *Rille* standard. Indeed, the United States has never contested the factual overlap between the surgeon settlements and the claims in the Relators' complaints.[5]

      C.      Relators are Not Barred from Asserting That the Surgeon Settlements are Alternate Remedies Under 31 U.S.C. §3730(c)(5)

Opposing Relators' claim for recovery pursuant to the FCA's alternative remedy provision, 31 U.S.C. § 3730(c)(5), the United States again argues that its claims against the surgeons were never brought by Relators because Relators never sued any of the surgeons. But as the United States concedes, the Relators have the same rights to proceeds derived from an alternate proceeding as they have in claims the government pursues after intervening in the original qui tam action. Opposition at 16. And as established above, Relators' failure to sue any of the surgeons does not bar their right to a relator award if there is sufficient factual overlap between the claims they brought and the claims settled with the surgeons. Where the government obtained redress for a subset of the false claims pursed in the Relators' complaints—i.e. damages and penalties owed to the United States due to the submission of ineligible prescription claims tainted by SpineFrontier's kickbacks—the Relators are entitled to recover.

*U.S. ex rel. Kennedy* v. *Novo A/S,* 5 F. 4th 47 (D.C. Cir. 2021) is cited extensively by the United States, but it confirms Relators' rights to a percentage of the surgeon settlements. *Novo*

---

[4] The complaints expressly state that two of the surgeons (DeGenova and Carlson) received kickbacks, including the dates and amounts of the payments; exhibits to the complaints provide the dates and amounts of improper consulting payments received by a third surgeon (Murray); the Miller/Bennett complaint identifies two more of the surgeons (Shehadi and Atwater) as important "consultants" for SpineFrontier; and the sixth surgeon (Khan) is identified as a consultant and an important SpineFrontier customer in the exhibits to the Miller/Bennett complaint. *Id.*

[5] If, in fact, the United States does contest the factual overlap between the Relators' complaints and the settlements, Relators should be afforded the opportunity to conduct limited discovery into the circumstances of the Government's recovery from the Settling Surgeons. At a minimum, the settlement agreements and any pleadings identifying the Government's claims should be produced. (A PACER search reveals no unsealed FCA cases that have been brought against any of the six surgeons in this District.)

*A/S* holds that under the FCA's alternative remedy provision a relator can only receive an award "when the claim pursued in the alternate remedy is of the type that could have been pressed under the False Claims Act." *Id*. at 54. Thus, while a relator has no claim to a government settlement concerning fines and penalties paid for misbranding violations under the Food, Drug and Cosmetics Act, the surgeon settlements—which settled "health care fraud claims" resulting from the surgeons' receipt of kickbacks from SpineFrontier for sham consulting[6]—are precisely the type of fraud claims pursued in an FCA action. Not only are the surgeon settlements the type of recovery that could be pursued under the FCA, but the government's claims arise from the same conspiracy to violate the FCA alleged in the Relators' complaints.

Finally, without any direct authority, the United States contends that an FCA settlement outside of the action brought by a relator cannot be an "alternative remedy." No such limitation results from the statute. Section 3730(c)(5) rights arise when the Government elects "to pursue its claim through *any* alternative remedy available." (emphasis added). By secretly settling with persons jointly liable for false claims that are the subject of the Relators' action (and thereby reducing the damages recoverable in that action) the United States has pursued its claim through an alternative available to it. Barring relators from an award in such circumstances undermines the entire purpose of the "alternative remedy" provision, which is to prevent the government from "depriv[ing] the relator of his right to recover simply by recasting the same or similar factual allegations in a new claim or by pursuing the substance of the relator's claim in an alternate proceeding." *Rille II*, 803 F.3d at 374.

Equity aids the FCA in ensuring that a relator does not lose the favor of the statute based on the Government's determinations of how and on what basis to proceed. *See, e.g.*, *United States v. Kellogg Brown & Root Inc.*, , 2023 WL 1867859, at *2 (Feb. 9, 2023); *Najjar*, 120

---

[6] *See,* press releases identified in footnotes 4 and 5 of the Relators' Opening Memorandum, ECF 189 at 10.

F.Supp.3d at 1326. On the other hand, the government's concern that allowing recoveries in these circumstances would introduce uncertainties and inefficiencies in the administration of the FCA is clearly overblown.  The paucity of case law shows this situation has rarely arisen since the FCA was amended in 1986.  As for potential disputes among competing relators, there is no reason why the existing rules relating to "first to file" would not apply in determining who originally filed the settled claim.   Justice, and the very terms of the statute, require the Relators to participate in the surgeon settlements.

## CONCLUSION

For the reasons set forth above and in the Relators' Opening Memorandum, Relators should receive an award from the Government's recoveries from the Settling Surgeons.

Dated:  June 21, 2024

Respectfully submitted,

/s/ *Michael Tabb*

**SEEGER WEISS LLP**
STEPHEN A. WEISS, ESQ.
sweiss@seegerweiss.com
CHRISTOPHER AYERS, ESQ.
cayers@seegerweiss.com
JUSTIN M. SMIGELSKY, ESQ.
55 Challenger Road, 6th Floor
Ridgefield Park, NJ 07660
Tel: (973) 639-9100

*Counsel for Relators,  John Miller and Walter Bennett*

**GREENELLP**
MICHAEL TABB, ESQ. (BBO No. 491310)
matabb@greenellp.com
THOMAS M. GREENE, ESQ. (BBO No. 210020
tgreene@greenellp.com
RYAN P. MORRISON, ESQ.
rmorrison@greenellp.com
75 Park Plaza, 2nd Floor
Boston MA 02116
Tel: (617) 261-0040

*Counsel for Relator, Charles Birchall, Jr.*